Nash, J.
 

 The error, into which his Honor was betrayed, consisted in considering the proceedings as instituted under the Act of 1836, when, in truth, it is a proceeding at common law, in which no affidavit is required. The Act does not repeal the common law action, nor supersede it, but simply applies the remedy by replevin to cases, to which it did not before extend. By the common law, a
 
 taking
 
 by the defendant was necessary to authorise this remedy, and such is the language of the writ; it is, “we command you, that justly and without delay, you cause to be replevied the cattle of B. which D. took and unjustly detains,” &c.
 
 1st Fitz. N. B.
 
 68. Without a trespass by the defendant, the writ could not be used. If the defendant came into possession by bailment, the plaintiff was driven either to his action of trover or de-tinue. By the latter alone, the
 
 possession
 
 of the property detained could be regained, and, even then, after much delay, and subjecting the plaintiff often to inconvenience and loss, which the tardy recovery would not compensate. Much the most valuable portion of the personal property, owned by individuals of this State, consists of slaves, who, by artful and designing men having or pretending a claim of right, ean be induced to leave the possession of the proprietor and go into that of his opponent. To such a ease the common law remedy by replevin could not apply, because the defendant had not
 
 taken
 
 the slave ; he did but detain him. It was the intention of the Legislature to remedy this evil by giving this writ, whereby the
 
 *48
 
 plaintiff might more speedily and surely regain the possession of his property. The words of the Act are very broad, “replevin for slaves shall be held and deemed sustainable in all cases, &c , where actions of detinue and trover are now proper.” It is unnecessary to inquire here, whether these words, broad as they are, can embrace every case, in which actions of detinue or trover for a slave may be sustained. It is sufficient for our present purpose, to show that the Act cf 1836 was intended, not to repeal the common law remedy of replevin in such cases, but to apply it, when, by the common law, it could not be used. The writ, in this case, is not issued under the Act; if it had been, the affidavit, required in the proviso to the first section, would have been necessary, and his Honor would have been right in holding, that the plaintiff’s proceedings could not be sustained; but it is at common. The writ is “then and there to answer the said Charles Duffy, of the taking and detaining,” &c. This is the language of the writ, as set forth in the
 
 Natura Brevium.
 
 A taking is charged, and without proving it on the trial, the plaintiff cannot entitle himself to a verdict, if the defendant pleads
 
 non cepit. Cummins
 
 v.
 
 McGill,
 
 3 Mur. 357.
 

 Per Curiam. Judgment reversed and a
 
 venire de novo
 
 awarded.